UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>CAPER X PI, INC., d/b/a "Versine Skincare," a New York Corporation; and DOES 1-10,<br><br>Defendants. | Case No.: 1:25-cv-6485<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff August Image, LLC, through counsel, hereby prays to this Court for relief based on the following:

### JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### PARTIES

4. August is a New York limited liability company with its principal place of business located in New York, NY. August, a full-service rights managed collection, represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. As the exclusive licensing agent and syndicator of the photographs at issue in this case with exclusive display, distribution, and reproduction rights in the same, August is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

5. Upon information and belief, Defendant Caper X Pi, Inc. d/b/a "Versine Skincare" is a New York corporation with a principal place of business located at 418 Broadway, Ste R, Albany, NY 12207. Versine Skincare owns, operates, and/or controls the social media page instagram.com/versineskincare and its related/affiliated subdomains, mobile websites, and applications (collectively, "Versine's Website").

6. Upon information and belief, Defendants DOES 1-10 (collectively with Versine, "Defendants"), are other parties not yet identified who have infringed August's copyrights, have contributed to the infringement of August's rights in the Subject Photograph, or have engaged in

one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of DOES 1-10 are presently unknown to August, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.   Upon information and belief, at all relevant times, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of August's rights and the damages to August proximately caused thereby.

## CLAIMS RELATED TO THE SUBJECT PHOTOGRAPH

8.   At all relevant times, August is and has been the exclusive licensing agent and syndicator with exclusive display, distribution, and reproduction rights for an original photograph registered with the U.S. Copyright Office (the "Subject Photograph") pursuant to a written agreement and assignment of rights from the photographer who created the Subject Photograph. Accordingly, August has standing to maintain this action under 17 U.S.C. § 501(b).

9.   Following the publication and display of the Subject Photograph, Defendants copied, stored, displayed, distributed, and/or otherwise exploited the Subject Photograph on Versine's Website for commercial purposes without August's permission (the "Accused Post"):



10. In August 2024, August sent correspondence to Versine, notifying Versine that its unauthorized use of the Subject Photograph in the Accused Post infringed upon August's exclusive rights in the photograph, and demanding that Versine remove the Accused Post, provide August with certain information regarding Versine's use of the Subject Photograph, and pay a reasonable fee for past use of the Subject Photograph. In September 2024, Versine's principal, Jenny Gao, responded that she denied the merits of August's claim and invited this litigation.

11. To the extent Versine Skincare exploited the Accused Post (and/or any/all other copies of the Subject Photograph) more than three years before the date of this pleading, August did not know, and had no reason to know, of such exploitation(s).

## **FIRST CLAIM FOR RELIEF**

**(Copyright Infringement - Against All Defendants, and Each)**

12. August incorporates by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

13. On information and belief, Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on August's and/or the relevant photographer's websites, profiles, exhibitions, and/or social media accounts; through magazines, publications, and/or third-party websites or Internet search engines; and/or because the Accused Post is a verbatim copy of, and thus strikingly similar to, the Subject Photograph.

14. Defendants, and each of them, copied, stored, displayed, reproduced, distributed, and/or otherwise exploited the Subject Photograph on Versine's Website without a license, authorization, or consent from August.

15. Due to Defendants' acts of infringement, August has suffered damages in an amount to be established at trial.

16. Due to Defendants' acts of infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement. As such, August is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement in an amount to be established at trial.

17. On information and belief, August alleges that Defendants, and each of them, committed acts of infringement with actual or constructive knowledge of, or with reckless disregard or willful blindness for, August's exclusive rights in the Subject Photograph, rendering those acts willful.

/ / /

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. An Order declaring that Defendants willfully infringed Plaintiff's copyrights in the Subject Photograph;

b. That Defendants, each of them, their employees and agents, and anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrights in the Subject Photograph;

c. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

d. That Plaintiff be awarded its costs and attorneys' fees as available under 17 U.S.C. § 505;

e. That Plaintiff be awarded pre-judgment interest as allowed by law; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

 Respectfully submitted,

Dated: August 6, 2025 By: */s/ David Michael Stuart Jenkins*
New York, New York   Scott Alan Burroughs, Esq.
   David Michael Stuart Jenkins, Esq.
   DONIGER / BURROUGHS
   247 Water Street, First Floor
   New York, New York 10038
   (310) 590-1820
   scott@donigerlawfirm.com
   djenkins@donigerlawfirm.com
   *Attorneys for Plaintiff*